UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SALLY A. GORHAM, | ) |
| Plaintiff, | ) ) 2:10-cv-00519-GMN-LRL |
| v. | ) **O R D E R** |
| NATIONAL PARK SERVICE, et. al., | ) |
| Defendants. | ) |

Plaintiff has submitted an Application to Proceed *In Forma Pauperis* and a Complaint (#1). The court finds that plaintiff is unable to prepay the filing fee. Further, although the court will dismiss the Complaint, it will do so without prejudice to allow plaintiff to cure the deficiencies listed below.

**I.**   *In Forma Pauperis* **Application**

Plaintiff has submitted the affidavit required by 28 U.S.C. § 1915(a) showing that she is unable to prepay fees and costs or give security for them. Accordingly, her request to proceed *in forma pauperis* will be granted pursuant to § 1915(a).

**II.**   **Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. § 1915(e)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) (internal quotations and citation omitted).

In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. *Russel v. Landrieu*, 621 f.2d 1037, 1039 (9th Cir. 1980). Allegations of a pro se complaint are held to less stringent standards than formal pleading drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

Plaintiff brings an action for money damages against the National Park Service ("NPS") and Jesus Robles, a ranger employed by NPS, pursuant to *Bivens*.[1] The Supreme Court has held that a federal agency is not subject to liability for damages under *Bivens*. *Fed. Deposit Ins. Co. v. Meyer*, 510 U.S. 471 (1994). Accordingly, plaintiff's *Bivens* claims against the NPS must be dismissed.

The *Bivens* claim against Robles likewise must be dismissed. Plaintiff accuses Robles, in his official capacity, of violating her due process rights through his use of excessive force, false imprisonment, and false charges, among other things. "[A] *Bivens* action can be maintained against a defendant in his or her individual capacity only, and not in his or her official capacity." *Consejo de Desarrollo Economico De Mexicali, A.C. v. United States*, 482 F.3d 1157, 1173 (9th Cir. 2007) (quoting *Daly-Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1987). To allow a *Bivens* suit against a defendant in his or her official capacity would merely be another way of pleading an action against the United States, which is barred by the doctrine of sovereign immunity. *See Nurse v. United States*, 226 F.3d 996, 1004 (9th Cir. 2000). Insofar as plaintiff is attempting to sue Robles in his official NPS capacity, the *Bivens* claims against him must be dismissed. Plaintiff will, however, be given an opportunity to amend her Complaint. The amended complaint must cure the deficiencies listed above.

---

[1] *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971)

Accordingly, and for good cause shown,

IT IS ORDERED that plaintiff's Application to Proceed *In Forma Pauperis* (#1) is GRANTED.

IT IS FURTHER ORDERED that plaintiff is permitted to maintain the action to conclusion without necessity of prepayment of any additional fees, costs, or security. This Order granting *forma pauperis* status shall not extend to the issuance of subpoenas at government expense.

IT IS FURTHER ORDERED that the Clerk of Court shall file the complaint.

IT IS FURTHER ORDERED that the Complaint will be dismissed without prejudice.

IT IS FURTHER ORDERED that plaintiff shall file an amended complaint by August 21, 2010 or her case may be dismissed with prejudice.

DATED this 22nd day of July, 2010.

_____
**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**